UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

HUBERT L. MCGUIRE                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 4:16CV-P114-JHM

COMMONWEATLH ATTORNEY *et al.*                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Hubert L. McGuire, a pretrial detainee currently incarcerated in the Henderson County Detention Center (HCDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss a portion of the claims and allow Plaintiff to amend other claims.

## I.  SUMMARY OF CLAIMS

Plaintiff brings this action against the Henderson County "Commonwealth Attorney" and the Henderson City Police Department (HCPD) in their individual and official capacities.

As his statement of the case, Plaintiff alleges as follows:

I. On or around April 7th 2016, I was racially profiled by the Henderson City Policy Dept. and the Commonwealth Attorney's Office. I was charged with drug trafficking without sufficient evidence or witnesses. I was in Jail from April 7th until September 12, 2016 when the case was dismissed with prejuice because commonwealth had no evidence. II. This has cost me my apartment, mental anguish, I have no stability. Lost my disability check. I have no income or place to live. III. Through this entire process no evidence was ever produced to even hold me in jail. They had plenty of chances to dismiss this case months ago but they didn't.

Now this case has been dismissed I feel like I should be rewarded the amount I stated. this is clearly a violation of my civil rights. And you can see that I was profiled because the color of my skin.

As relief, Plaintiff seeks monetary damages in the amount of "1000 per day in detention"; punitive damages in the amount of $250,000; and injunctive relief in the form of "release from illegal detention."

## II.  LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

2

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

*A.  Release from incarceration*

As injunctive relief, Plaintiff seeks release.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Because Plaintiff is seeking immediate release from detention, the § 1983 claim for such relief cannot lie and will be dismissed.

### B. *Commonwealth's Attorney*

The Henderson County Commonwealth's Attorney is a state official acting under color of state law. The damages claims against the prosecutor in his official capacity are barred for two reasons. First, state officials sued in their official capacities for money damages are not "person[s]" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."). Accordingly, the official-capacity claims for damages against the Henderson County Commonwealth's Attorney will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

As to the claims against the Henderson Commonwealth's Attorney in his individual capacity, Plaintiff fails to provide any facts surrounding the claims he allegedly asserts against that Defendant. While the Court has a duty to construe *pro se* complaints liberally, a plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing a defendant with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, a plaintiff must show how each defendant is accountable because the defendant was

personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Before dismissing the individual-capacity claim against the Commonwealth's Attorney for failure to state a claim upon which relief may be granted, the Court will allow Plaintiff an opportunity to amend his complaint to name the Commonwealth's Attorney and to describe the facts surrounding how that Defendant allegedly violated his rights.

    *C.  HCPD*

The Court will dismiss the claims against HCPD because it is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Rather, the claims against the police department are against the City of Henderson as the real party in interest. *Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282,

286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff fails to allege a policy or custom of the City of Henderson that caused his alleged harm. For this reason, the claims against HCPD/City of Henderson will be dismissed for failure to state a claim upon which relief may be granted.

While Plaintiff indicates that he is also suing HCPD in its individual capacity, such a claim cannot be brought against a municipality, and he fails to name any HCPD officers allegedly responsible for any wrongdoing. Like above, however, the Court will provide Plaintiff with an opportunity to amend his complaint to name as Defendants in their individual capacities any police officer or other person(s) who he claims violated his rights and to describe the facts surrounding how each Defendant allegedly violated those rights.

## IV.  ORDER

For the foregoing reasons, and being otherwise sufficiently advised,

**IT IS ORDERED** that the claim for injunctive relief and the claims against the HCPD/City of Henderson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the official-capacity claims for damages against the Henderson County Commonwealth's Attorney are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant immune from such relief.

**IT IS FURTHER ORDERED that within 30 days from entry of this Order, Plaintiff may amend the complaint** to name the person or persons involved in his claims; to sue them in their individual capacity; and to describe the facts surrounding each Defendant's involvement in his claims.  The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.  The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

**Plaintiff's failure to file an amended complaint within 30 days will result in the entry of a final Order dismissing the entire action for the reasons stated herein**.

Date:  February 28, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4414.005

7